See, also, Davis v. R. R., 1 Sneed (Tenn.) 94.

But I am of opinion that this statute cannot be invoked in this proceeding. In the absence of any proof to the contrary, we must presume that the authority in the then village of Edgewater was to take only an easement for street purposes. Paige v. Schenectady Railway Co., 178 N. Y. 102, 111, 70 N. E. 213, and cases cited. And no implication is permissible that the statute granted more than was necessary to satisfy the language and object thereof. Bradley v. Crane, 201 N. Y. 14–25, 94 N. E. 359. But as the purpose of this proceeding is to take a fee, in which event there would be no limitation upon the municipality's ownership (N. Y. C. & H. R. R. R. Co. v. City of Buffalo, 200 N. Y. at 120, 93 N. E. 520), hence, even if the statute was now available to the city of New York, it would not warrant this proceeding.

[5] Further, I think that this statute did not survive, but that the charter provides an entire scheme for the condemnation of such lands, which scheme is complete and exclusive in itself save as other provisions of law may be expressly embodied in it. Sections 442 and 970, Greater New York Charter. See Endlich on Interpretation of Statutes, §§ 200, 201, 202.

The order is affirmed, with $10 costs and disbursements. All concur.

---

(84 Misc. Rep. 523)

### CATSKILL NAT. BANK v. LASHER et al.

(Supreme Court, Trial Term, Greene County. March, 1914.)

1. GUARANTY (§ 14*)—SUBSEQUENT INDORSEMENTS—VALIDITY—CONSIDERATION.

An indorsement on the back of a note, "We severally and jointly guarantee the indorsements on the within note to be correct, and jointly and severally guarantee the payment of the same when due," executed after the note had been discounted by the holder and before maturity, by indorsers whose names had been forged by the payee before the holder discounted the note, is void whether regarded as a guaranty of indorsement or of payment, when not supported by any consideration, and when the holder lost no rights by reason of the execution thereof.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 13, 20; Dec. Dig. § 14.*]

2. GUARANTY (§ 21*)—VOID INSTRUMENT—ESTOPPEL OF GUARANTOR—CHANGE OF POSITION.

Indorsement of such guaranty did not work an equitable estoppel against the indorsers, the transferee of the instrument not having changed his position on account of such indorsement.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 23; Dec. Dig. § 21.*]

3. GUARANTY (§ 21*)—VOID INSTRUMENT—ADMISSIONS.

Such guaranty was not equivalent to an admission of the genuineness of the signatures of the indorsers.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 23; Dec. Dig. § 21.*]

Action by the Catskill National Bank against Herbert W. Lasher and another. Judgment for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
147 N.Y.S.—41

J. Stewart Ross, of Brooklyn, for plaintiff.
H. L. Austin, of Albany, for defendants.

CHESTER, J. [1] The action is against the alleged indorsers of two promissory notes, one bearing date May 25, 1909, for four months, made by one W. Platt Fisher, and another bearing date August 9, 1909, for $150 for four months, made by the same maker, and each purporting to have been indorsed by the defendants. In their answer the defendants deny that they ever indorsed the notes in question, and allege that Fisher feloniously forged their signatures as indorsers of such notes. On the trial the plaintiff offered no evidence that the signatures of the alleged indorsers upon the notes were genuine, but rested its case upon the following words written upon the back of each instrument, which it was proven were signed by the defendants, viz.:

"We severally and jointly guarantee the indorsements on the within note to be correct and jointly and severally guarantee the payment of the same when due. H. W. Lasher.
"N. P. Lasher."

This writing was placed upon the back of the notes and signed by the defendants on the 25th day of August, 1909, after the notes had been discounted by the plaintiff and before they became due. Fisher, the maker of the note, was the son-in-law of the defendant Nelson P. Lasher and the brother-in-law of the defendant Herbert W. Lasher. The plaintiff held a number of other notes which it had discounted for Fisher, and became suspicious that the indorsements were not genuine. Its cashier on the day stated, August 24, 1909, went out to the place where the defendants resided some miles from Catskill, twice on that day, the last time in the company of an officer armed with a warrant of arrest for Fisher and with the counsel for the bank. As a result of the interview with the defendants and those whose names had been forged as indorsers upon some other notes, the words referred to were written on the notes and signed by the defendants. Fisher was not then arrested. Nothing was paid as a consideration for the defendants' signing these words, and no consideration is expressed therein. At the close of the evidence the defendants moved to dismiss the complaint, and the plaintiff moved for the direction of a verdict for the amount claimed.

If the instruments signed by the defendants are regarded simply as guaranties of the indorsements of the defendants or of the payment of the notes, they would be void as not expressing or being supported by any consideration. Counsel seem to be agreed upon this proposition. The plaintiff gave nothing and the defendants received nothing as a consideration for their signing. The plaintiff had parted with its money on the forged indorsements before the instruments were signed by the defendants, and, so far as the proof indicates, did nothing and did not refrain from doing anything after they were signed. It lost no rights, so far as the evidence shows, and suffered no injury by reason of the instruments. Knowing, or at least believing, that the indorsements were forged, it was trying to better its position by procuring the signature of the defendants to the guaranties.

**[2]** The plaintiff invokes the principle of equitable estoppel laid down in Rothschild v. Title Guaranty & Trust Co., 204 N. Y. 458, 97 N. E. 879, 41 L. R. A. (N. S.) 740, in order to avoid the necessity of a consideration for the instruments signed by the defendants, to give them validity. In that case the person whose name had been forged to a bond and mortgage by her son paid the interest thereon several times with full knowledge of the forgery. In an action by her executors and devisees to compel the defendant to cancel and discharge the mortgage it was held that the payment of interest by her worked an equitable estoppel against her and her successors in interest. But it appeared that the defendant, the holder of the mortgage, had no knowledge or notice of the forgery until after all those payments of interest had been made, and in the meantime the forger had left the country, so that the defendant was deprived of all opportunity of availing itself of any civil remedies against him to recover its money and also of prosecuting him criminally. The court said in that case:

"The right of seeking restoration and payment from the person who accomplished or procured the forgeries was in itself a substantial and valuable one."

In Continental National Bank v. National Bank of the Commonwealth, 50 N. Y. 575, cited by the plaintiff, the purported certification of a check on the defendant bank was forged. When it was presented to its teller he pronounced the forged certification to be genuine, and it was held that the defendant was estopped from denying its genuineness; but the decision was placed on the ground that reliance upon the teller's admission had resulted in injury to the plaintiff and had prevented it from retrieving its position.

In Casco Bank v. Keene, 53 Me. 103, the plaintiff held a note purporting to have been signed by the defendant. Hearing that the signature was forged, he showed it to the defendant, who admitted the signature to be genuine. The plaintiff, in reliance on that admission, refrained from taking any proceedings to secure payment. The court instructed the jury that if the plaintiff, relying upon the defendant's admission, was induced to refrain from obtaining security by arrest of the one passing the note upon it, or by attachment of his property, and thereby sustained an injury, the defendant would be estopped from denying his signature, and the court on review held this instruction to be a correct statement of the principles applicable to estoppels in pais.

The distinction between these cases and the one here is that there is no evidence that the plaintiff here lost any rights or had its position changed in any way to its injury by reason of the instruments which the defendants signed.

The correct rule in relation to equitable estoppels seems to have been stated in Merril v. Tyler, Selden's Notes, 83. In that case a party received a promissory note to which the name of the defendant as maker had been forged, and advanced half the amount of it before it was presented to the defendant. It was then presented to him, and he made such statements as to induce the holder to advance the residue of the note and it was held that the defendant was estopped from show-

ing the forgery only to the extent of the advances made on the faith of his statements which was all that could be recovered.

[3] The plaintiff also urges that the guaranty of the indorsements by the defendants is equivalent to admissions of the genuineness of their signatures as indorsers of the notes, and that such admissions are sufficient evidence upon which to support a judgment against them for the amount of the notes. But, if the instruments fail as guaranties, it seems to me that they cannot be effective as admissions for the purpose of evidence, for in neither aspect are they supported by a consideration, and the defendant did nothing and lost nothing because of them. If they are ineffective for one purpose, they are for the other, and for the same reason. The complaint should be dismissed, with costs.

Judgment accordingly.